IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MICHAEL STEVEN SCHAGUNN,

        Plaintiff,

                                      No. 3:13-cv-00359-HZ

    v.                                      OPINION & ORDER

SHERLY GILLAND, individually and as
payroll clerk for USF REDDAWAY, USF
REDDAWAY, Inc., an Oregon
corporation, USF REDDAWAY, Inc., in
its corporate capacity as an Oregon
Corporation,

        Defendants.

Michael Steven Schagunn
C/O 2488 Southslope Way
West Linn, OR 97068

       Pro Se Plaintiff

Christina D. Arnone
Patricia A. Konopka
STINSON, MORRISON, HECKER LLP
1201 Walnut Street, Suite 2900

1 - OPINION & ORDER

Kansas City, MO 64106
James M. Barrett
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia St., Suite 1500
Portland, OR 97201

      Attorneys for Defendants

HERNANDEZ, District Judge:

      Michael Steven Schagunn, pro se, filed this action in the Circuit Court of the State of Oregon for the County of Clackamas seeking $147,343.40 in withheld taxes, $1 million for "financial, social and emotional injury", $1 million for the "statutory maximum penalty . . . under 26 U.S.C. § 7433, and $10 million in punitive damages. Notice of Removal, Ex. A, pp. 5-6. USF Reddaway, Inc. ("USF Reddaway"), Plaintiff's employer, and Sherly Gilland, the payroll manager for USF Reddaway, removed Plaintiff's action on March 4, 2013, to the United States District Court for the District of Oregon. Id., pp. 2-3.

      Plaintiff's first cause of action alleges Defendants withheld taxes in violation of his due process rights under the Fifth Amendment of the United States Constitution, 26 U.S.C. § 6331(a), and 26 C.F.R. § 31.3402(p)-1. Notice of Removal, Ex. A, p. 5. Plaintiff's second cause of action alleges conversion based on Defendants' withholding of taxes from his "pay check [sic] and turn[ing] it over to a foreign agency, Internal Revenue Service, without [his] authorization . . . or a court order." Id., pp. 5-6. Plaintiff's third cause of action alleges Gilland failed to perform her "ministerial duty owed to plaintiff under 26 U.S.C. § 3401(a)(6) and it's [sic] Regulations [sic] in violation of plaintiff's right to earn a living." Id., p. 6. Plaintiff's fourth cause of action alleges Defendants subjected him to a state of "[p]eonage & [s]lavery" by "taking from [his] earnings amounts not owed under any set of circumstances" in violation of Article 1, Section 34 of the Oregon Constitution. Id.

Now before me is Defendants' motion to dismiss (doc. #7) for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure and Plaintiff's motion to remand (doc. #9). For the reasons that follow, Defendants' motion to dismiss is GRANTED with prejudice and Plaintiff's motion to remand is DENIED.

## STANDARDS

### I. Motion to Remand

28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The removal statute is strictly construed and any doubt about the right of removal is resolved in favor of remand. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). The presumption against removal jurisdiction means "the defendant always has the burden of establishing that removal is proper." Id.

### II. Motion to Dismiss Pursuant to Rule 12(b)(6)

In considering a Rule 12(b)(6) motion, the court must "accept as true all of the factual allegations contained in the complaint" and may dismiss the case "only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted); Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010) (citations omitted).

A claim has facial plausibility when a Plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citation omitted). The facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Threadbare

3 - OPINION & ORDER

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (citations and internal quotation marks omitted).

## DISCUSSION

### I. Motion to Remand

Under 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "[W]hen federal law creates a private right of action and furnishes the substantive rules of decision, the claim arises under federal law, and district courts possess federal-question jurisdiction under § 1331." Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 748-49 (2012). "Even when a right of action is created by state law, if the claim requires resolution of significant issues of federal law, the case may arise under federal law for 28 U.S.C. § 1331 purposes." Id. n.9. "An action may arise under a law of the United States if the plaintiff's right to relief necessarily turns on construction of federal law." Bright v. Bechtel Petroleum, Inc., 780 F.2d 766, 769 (9th Cir. 1986) (citation and quotation marks omitted).

Defendants have met their burden of establishing that removal is proper. Here, the complaint alleges violations of Plaintiff's Fifth Amendment rights, various federal laws– including 26 U.S.C § 6306 and 26 U.S.C.§ 1, and a number of federal regulations. Notice of Removal, Ex. A, pp. 4-6. Because Plaintiff alleges violations of his constitutional rights and federal law and because his request for relief requires resolution of significant issues of federal

law and necessarily turns on the construction of federal law, I conclude that this case arises under federal law for 28 U.S.C. § 1331 purposes. Accordingly, this Court has federal-question jurisdiction pursuant to § 1331. Plaintiff's motion to remand is denied.

## II. Motion to Dismiss

### A. 26 U.S.C. § 3403

26 U.S.C. § 3403 states, "The employer shall be liable for the payment of the tax required to be deducted and withheld . . . and shall not be liable to any person for the amount of any such payment." Under 26 U.S.C. § 3403, "an employer is not liable to any person for the amount of tax withheld." Whitney v. Motor Cargo, 168 Fed. Appx. 240, 241 (9th Cir. 2006) (citations omitted); see also Bright, 780 F.2d at 770 (the Ninth Circuit has "repeatedly held that an employer is not liable to an employee for complying with its legal duty to withhold tax") (citations omitted). "Under 26 U.S.C. § 3402, an employer has a mandatory duty to withhold federal income tax from an employee's wages where required by applicable regulations." Bright, 780 F.2d at 770 (citations omitted).

Plaintiff argues that his earnings are not subject to any tax because they do not constitute "'wages' that are taxable under the Internal Revenue Code", that his "rights to live and own property are not subject to tax under the Internal Revenue Code", and that Defendants "ignored their duty . . . to obey the law as written and respect plaintiffs [sic] fundamental right to earn a living" when he sent them "'notice' and requested [that they] . . . cease taking [his] property". Resp., p. 6. In support of his position, Plaintiff cites a number of federal laws and regulations, which according to Plaintiff, establish that he is a "nonresident alien individual" because Oregon is not a "State of the United States" and that he is exempt from taxes because "state Citizens and

5 - OPINION & ORDER

American Nationals whose rights to live and own property are hailed as natural rights for the enjoyment of which no excise can be imposed." Resp., pp. 7-10.

None of the authority that Plaintiff cites supports the conclusion that his earnings are free from taxation, let alone that Defendants violated his rights by withholding taxes. Even assuming Plaintiff's factual allegations as true, including Plaintiff's allegation that he told Defendants to stop withholding taxes, I conclude that Plaintiff fails to state a claim for relief because "suits by employees against employers for tax withheld", as here, "are statutorily barred." Bright, 780 F.2d at 770 (citation and quotation marks omitted); see also Maxfield v. U.S. Postal Serv., 752 F.2d 433, 434 (9th Cir. 1984) (an "employer is immune from liability to the employee for the withholding, since the duty to withhold is mandatory, rather than discretionary, in nature") (citation omitted). Plaintiff's allegations do not establish that Defendants were released from their mandatory obligation of withholding Plaintiff's taxes or are otherwise liable simply because Plaintiff told them to stop withholding taxes. Furthermore, even if Defendants had improperly withheld taxes, Plaintiff's claims would still fail because this lawsuit is not the proper avenue for Plaintiff's redress. Rather, based on the allegations in the complaint, Plaintiff's remedy at law would be to "claim a tax refund for excessive withholding on his U.S. Individual Income Tax Return." See Maxfield, 752 F.2d at 434 (citation omitted).

In sum, Plaintiff fails to state a claim for relief against Defendants. See Bright, 780 F.2d at 770 ("Internal Revenue Code, 26 U.S.C. § 3403, expressly provides that an employer is liable to the IRS for the payment of tax withheld, and shall not be liable to any person for the amount of any such payment") (citation and internal quotation marks omitted). Accordingly, Plaintiff's claims must be dismissed.

/ / /

### B. Anti-Injunction Act

Plaintiff's claims are also barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a). The Anti-Injunction Act prohibits suits "for the purpose of restraining the assessment or collection of any tax." Bright, 780 F.2d at 770 (citation omitted). The Anti-Injunction Act does not preclude a Plaintiff's claims, however, if the taxpayer demonstrates that Defendants "cannot ultimately prevail on the merits" and that the taxpayer will suffer "irreparable injury without injunctive relief". Collier v. Parizek, 236 Fed. Appx. 342, 343 (9th Cir. 2007) (citation omitted).

Plaintiff asserts his claims may not be dismissed under the Anti-Injunction Act because he "is not attempting to restrain or interfere with the assessment or collection of any 'tax', [but is rather] . . . suing to protect 'property and rights to property protected by the fundamental right to earn a living'" and because "[t]his case . . . is about 'sums' unlawfully taken from [his] earnings without due process of law and turned over to third parties, IRS agents, without the formalities required by law." Resp., pp. 12-13.

Plaintiff's arguments are unavailing. The complaint improperly challenges federal income tax withholding laws and regulations and would restrain the collection of federal income tax. Furthermore, the judicial exception to the Anti-Injunction Act does not apply in this instance because Plaintiff fails to show that Defendants cannot ultimately prevail on the merits and that he will suffer irreparable injury without injunctive relief. In short, Plaintiff's claims are barred under the Anti-Injunction Act. See Bright, 780 F.2d at 770 (concluding plaintiff's claims against his employer for allegedly withholding income tax was barred under the Anti-Injunction Act because it restrained the collection of income tax).

/ / /

/ / /

### III. Amendment

Defendants argue that this Court should not grant Plaintiff leave to amend his complaint because it would be futile. I agree. It is absolutely clear that the deficiencies in the complaint cannot be cured by amendment. See Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted). Accordingly, the complaint is dismissed without leave to amend.

### CONCLUSION

Based on the reasons above, Defendants' motion to dismiss (doc. #7) is GRANTED with prejudice and Plaintiff's motion to remand (doc. #9) is DENIED. Pending motions, if any, are DENIED as moot.

IT IS SO ORDERED.

Dated this \_\_7\_\_ day of \_\_May\_\_, 2013.

_____
MARCO A. HERNANDEZ
United States District Judge

8 - OPINION & ORDER