IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL STEVEN SCHAGUNN,

Plaintiff,

v.

SHERLY GILLAND, individually and as payroll clerk for USF REDDAWAY, USF REDDAWAY, Inc., an Oregon corporation, USF REDDAWAY, Inc., in its corporate capacity as an Oregon Corporation,

Defendants.

No. 3:13-cv-00359-HZ

OPINION & ORDER

Michael Steven Schagunn
C/O 2488 Southslope Way
West Linn, OR 97068

Pro Se Plaintiff

Christina D. Arnone
Patricia A. Konopka
STINSON, MORRISON, HECKER LLP
1201 Walnut Street, Suite 2900

Kansas City, MO 64106

James M. Barrett
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia St., Suite 1500
Portland, OR 97201

Attorneys for Defendants

HERNANDEZ, District Judge:

Michael Steven Schagunn, pro se, filed this action in the Circuit Court of the State of Oregon for the County of Clackamas seeking $147,343.40 in taxes withheld by his employer, $1 million for "financial, social and emotional injury", $1 million for the "statutory maximum penalty . . . under 26 U.S.C. § 7433, and $10 million in punitive damages. Notice of Removal, Ex. A, pp. 5-6. USF Reddaway, Inc., Plaintiff's employer, and Sherly Gilland, the payroll manager at USF Reddaway, removed Plaintiff's action on March 4, 2013, to the United States District Court for the District of Oregon. Id., pp. 2-3.

The crux of Plaintiff's Complaint was that Defendants are liable for withholding taxes from his wages. Plaintiff filed a motion to remand and Defendants filed a motion to dismiss for failure to state a claim. On May 7, 2013, I issued an order granting Defendants' motion to dismiss and denying Plaintiff's motion to remand. The same day, May 7, 2013, I also entered a judgment dismissing the case with prejudice.

On May 23, 2013, Defendants filed a motion for sanctions (dkt. #21) seeking attorney fees totaling $12,871.80. On May 31, 2013, Plaintiff filed a Motion for Rehearing En Banc (dkt. #27) and on June 3, 2013, Plaintiff filed a notice of appeal to the Ninth Circuit appealing my May 7, 2013, judgment. For the reasons that follow, Defendants' motion for sanctions is granted and Plaintiff's motion for rehearing is denied.[1]

[1] The parties did not file replies.

**I. Motion for Reconsideration**

I construe Plaintiff's motion for rehearing as a motion for reconsideration under Rules 59 and 60. Motions for reconsideration under Rules 59(e) and 60(b) generally apply the same standard. Automobile Ins. Co. v. Abel, No. 08-CV1004-AC, 2010 WL 5014408, at *2 (D. Or. 2010) (citing Fidelity Fed. Bank, F.S.B. v. Durga Ma Corp., 387 F.3d 1021, 1023 (9th Cir. 2004) and Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir. 1991)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Motions for reconsideration are granted sparingly. Id.; Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). The decision of whether to grant a motion for reconsideration is reserved to the sound discretion of the Court. See, e.g., United States v. Brobst, 558 F.3d 982, 994 (9th Cir. 2009).

Once an appeal is filed, however, jurisdiction is conferred on the court of appeals and the district court is divested of its jurisdiction over matters involved with the appeal. See, e.g., Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 59 (1982); Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir. 1984) ("the rule has generally been stated that the filing of a notice of appeal divests the district court of jurisdiction to dispose of [a] motion after an appeal has been taken . . . .") (citation and internal quotation marks omitted); Apple, Inc. v. Samsung ElecS. Co., Ltd., 2012 WL 1987042, No. 11-CV-01846-LHK, at *1 (N.D. Cal. 2012) (the "general rule is that once a notice of appeal is filed it confers jurisdiction on the court of appeals and divests the district court of jurisdiction with respect to matters involved with the appeal") (citation omitted). Until the court of appeals issues a mandate, the case ordinarily remains within the jurisdiction of

the court of appeals. See, e.g., Sgaraglino v. State Farm Fire & Cas. Co., 896 F.2d 420, 421 (9th Cir. 1990) ("[u]pon issuance of the mandate, the case was returned to the district court's jurisdiction"); Burton v. Johnson, 975 F.2d 690, 693 (10th Cir. 1992) ("Once we affirmed the District Court on appeal and returned the mandate, however, the District Court reacquired jurisdiction over the case."); United States v. Rodgers, 101 F.3d 247, 251 (2d Cir. 1996) ("Simply put, jurisdiction follows the mandate."). Under most circumstances, "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." Griggs, 459 U.S. at 58.

Stated above, Plaintiff filed a notice of appeal on June 3, 2013, and the Ninth Circuit has not yet issued a mandate. In addition, Plaintiff's motion essentially raises the same issues that I previously addressed in my May 7, 2013, Opinion & Order. Plaintiff's filing of his notice of appeal has therefore divested this Court of jurisdiction to address the matters now before the Ninth Circuit. Plaintiff's motion for reconsideration is denied.

**II. Motion for Sanctions**

Defendants argue that sanctions are justified because Plaintiff's case is frivolous and he brought this action in bad faith and for the purpose of vexation and harassment. Plaintiff responds with essentially the same arguments raised in his response to Defendants' motion to dismiss, his motion to remand, and his pending motion for reconsideration: that Defendants improperly withheld taxes from his wages. Resp., p. 18.

A district court retains jurisdiction to award sanctions after a "notice of appeal from [a] decision on [the] merits" has been filed. See United Energy Owners Comm., Inc. v. U.S. Energy Mgmt. Sys., Inc., 837 F.2d 356, 358 (9th Cir. 1988) (citation omitted). I therefore have jurisdiction to address Defendants' motion for sanctions.

"Under the bedrock principle known as the "American Rule," [e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." Marx v. Gen. Revenue Corp., 133 S. Ct. 1166, 1175 (2013) (citations and internal quotation marks omitted). Notwithstanding the American Rule, it has "long [been] recognized that federal courts have inherent power to award attorney's fees in a narrow set of circumstances," including "to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons". Id. (citation omitted).

Rule 11 states that "the court may impose an appropriate sanction on any . . . party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Rule 11 provides that:

> [b]y presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it–an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . .

Fed. R. Civ. P. 11(b).

The word "frivolous" is "a shorthand . . . used to denote a filing that is both baseless and made without a reasonable and competent inquiry." Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990) . The court may impose Rule 11 sanctions against pro se litigants. Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1037 n.13 (9th Cir. 1985) (citation omitted).

/ / /

/ / /

**A. Plaintiff's Claims Are Frivolous, Vexatious, and Wanton**

Under the circumstances here, I conclude that the claims brought by Plaintiff are frivolous, baseless, vexatious, and wanton. See Mason v. Lockheed Cal. Co., 852 F.2d 571, 571 (9th Cir. 1988) ("An appeal is frivolous if the result is obvious, or the arguments of error are wholly without merit"). It is clear that Plaintiff filed this action without any reasonable, competent inquiry. As stated above, the crux of Plaintiff's claims is that Defendants acted improperly by withholding income taxes. Compl., pp. 1-5. The slightest amount of research would have revealed the lack of foundation and the futility of Plaintiff's claims. For example, a minimal inquiry would have disclosed that, as discussed in my May 7, 2013, Opinion & Order, Plaintiff's claims are barred by the Anti-Injunction Act, 26 U.S.C. § 7421, the withholding of taxes does not amount to an improper taking, and claims challenging the withholding of taxes may not be brought against an employer. See, e.g., Orndoff v. U.S. I.R.S., 26 F.3d 131, 131 (9th Cir. 1994) ("the Supreme Court and the lower federal courts have both implicitly and explicitly recognized the Sixteenth Amendment's authorization of a non-apportioned direct income tax on United States citizens residing in the United States and thus the validity of the federal income tax laws as applied to such citizens") (citation omitted). Indeed, a minimal amount of research would have established that Plaintiff's claims, and many like his, are time-worn arguments that have been consistently rejected by federal courts across the United States. See, e.g., Staff IT, Inc. v. U.S., 482 F.3d 792, 798 (5th Cir. 2007) (the "Internal Revenue Code . . . requires employers to deduct and withhold income and social security taxes from its employees' salaries and wages") (citation omitted); Collier v. Parizek, 236 Fed. Appx. 342, 342 (9th Cir. 2007) (granting sanctions where plaintiff brought claims against his employer for withholding taxes because such claims are frivolous) (citations omitted); Crim v. Tad Technical Servs. Corp., 978

F.2d 1267, 1267 (10th Cir. 1992) (holding plaintiff's action to preclude defendant from withholding federal income taxes from his wage was frivolous and warranted sanctions); Buford v. U.S., 782 F.2d 1041, 1041 (6th Cir. 1985) (plaintiff's argument that the withholding of taxes violated his due process rights has "been denied by numerous courts and is without merit") (collecting cases).

Even when construing Plaintiff's pleadings liberally, I conclude that Plaintiff's claims are baseless and were made without reasonable and competent inquiry. Plaintiff's exaltation of his personal views above well-established law, failure to inquire adequately about the merits of his claims, and decision to ignore the bountiful decisions of the United States courts addressing this issue has wrongfully injured Defendants by requiring them to defend themselves against this frivolous suit. In fact, Plaintiff continues to pursue his frivolous claims against Defendants as shown by his recent filing of his motion to reconsider. Simply put, Plaintiff's claims are frivolous and his actions warrant sanctions in this instance. See Orndoff at 131 (holding pro se litigant's action challenging the withholding of his taxes was frivolous and warranted sanctions).

**B. Amount of Sanctions**

Defendants seek as sanctions the attorney fees incurred for work performed by James M. Barrett, Defendants' local counsel at Ogletree Deakins, Nash, Smoak & Stewart, P.C, and the work performed by their three pro hac vice attorneys at Stinson Morrison Hecker LLP. The expenses sought by Defendants are reasonable.

**1. Hourly Rates**

The $315 hourly rate charged by Barrett is reasonable. Barrett has practiced in Oregon for 12 years and has handled complex civil lawsuits. Barrett Decl., ¶ 12. His hourly billing rate is within the range of prevailing market rates of attorneys with similar skill, experience, and

reputation in the area. According to the Oregon State Bar 2012 Economic Survey ("OSB 2012 Survey"), the average hourly rate for attorneys in private practice in Portland, Oregon with 10-12 years of experience was $280 per hour and the median was $275 per hour. OSB 2012 Survey, p. 30. Hourly rates in the 75th and 95th percentiles for attorneys in private practice in Portland, Oregon with 10-12 years of experience were $300 and $428 per hour, respectively. Id.

The hourly rates for Defendants' pro hac vice attorneys, Patricia A. Konopka, Charles Jensen, and Christina Arnone are also reasonable and within the range of prevailing market rates of attorneys with similar skill, experience, and reputation in the area. Konopka, Jensen, and Arnone charged hourly rates of $370, $370, and $230, respectively. Konopka Decl., ¶ 8. Konopka has over 17 years of experience representing clients in complex business and employment litigation. Id., ¶ 5. Jensen has over 30 years of experience representing clients in complex tax matters and business and estate planning. Id. Arnone has over two years of experience representing clients in complex business and employment litigation. According to the OSB 2012 Survey, the average and median hourly rate for attorneys in private practice with 16-20 years of experience in Portland, Oregon were $256 and $250 per hour, respectively. Id. Rates within the 75th percentile and 95th percentile were $300 and $380 per hour, respectively. Id. The average and median hourly rates for attorneys in private practice in Portland, Oregon with over 30 years of experience was $340 and $350 per hour, respectively. Id. Rates in the 75th percentile and 95th percentile were $400 and $500 per hour, respectively. The average and median hourly rate for attorneys in private practice with 0-3 years of experience in Portland, Oregon were $182 and $175 per hour, respectively. Rates within the 75th and 95th percentile were $198 and $246 per hour, respectively. Id.

Based upon counsels' representations and the data in the OSB 2012 Surveys, the hourly rates charged by counsel are appropriate and reasonable.

**2. Hours Expended**

The time spent litigating this case is reasonable. Plaintiff's Complaint and other filings are lengthy, confusing, and cite numerous authorities. Barrett spent 2.9 hours assisting Konopka, Jensen, and Arnone comply with the local rules and reviewing and editing Defendants' filings. Barrett Decl., ¶ 15. Konopka, Jensen, and Arnone spent 7.0, 1.0, and 44.9 hours, respectively, (a total of 52.9 hours) reviewing the Complaint, removing Plaintiff's action to federal court, litigating their motion to dismiss and motion for sanctions, and responding to Plaintiff's motion to remand. Konopka Decl., Ex. 1, pp. 1-5. Counsels' briefings are well written, adequately argued, and supported by relevant authority.

Having concluded that counsels' hourly rates and time expended on this case are reasonable, I conclude that Barrett's total fees of $913.50 and Konopka, Jensen, and Arnone's total fees of $11,958.30 are reasonable.[2]

**CONCLUSION**

Based on the reasons above, Defendants' motion for sanctions (dkt. #21) is GRANTED and Plaintiff's motion for rehearing (dkt. # 27) is DENIED. Defendants' are entitled to sanctions totaling $12,871.80. Pending motions, if any, are DENIED as moot.

IT IS SO ORDERED.

Dated this 2 day of Aug, 2013.

Marco Hernandez
MARCO A. HERNANDEZ
United States District Judge

[2] Defendants received a 10% discount from Stinson Morrison Hecker LLP.